IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SGP USA LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 26-182-CFC |
| AM SAILING PURCHASER LLC and DOUG DEVOS, | |
| Defendants. | |

## MEMORANDUM ORDER

This case is about an international sailing competition run by non-party F50 League LLC d/b/a SailGP (the League). Thirteen teams affiliated with thirteen countries are competing in the League's ongoing 2026 season. The operators of two of the teams are the parties to this action. Plaintiff SGP USA LLC operates the United States SailGP team affiliated with the United States. Defendant AM Sailing Purchaser LLC (co-founded by Defendant Doug DeVos) acquired and operates the Rockwool Racing SailGP team affiliated with Denmark.[1]

---

[1] AM Sailing is affiliated with the "American Magic" brand and has a license to use the "American Magic" mark. D.I. 46 ¶ 1. The League announced American Magic's acquisition of the Rockwool Racing SailGP team in a February 12, 2026 press release. D.I. 2-1 ¶ 43. Earlier that day, SGP USA confidentially filed an urgent Application for Provisional and Conservatory Measures against the League in the Court of Arbitration for Sport (CAS) in Switzerland requesting an order that, among other things, the press release will not issue until SGP USA agrees with the

SGP USA filed a Complaint (D.I. 2-1), Motion to Expedite Proceedings (D.I. 2-2 at 6–7), and Motion for a Temporary Restraining Order (TRO) (D.I. 2-2 at 9–39) against AM Sailing and DeVos in the Delaware Court of Chancery on February 13. SGP USA alleges in the Complaint four Delaware state law claims: (I) unfair competition under Delaware common law, (II) tortious interference with prospective business relations, (III) tortious interference with contract, and (IV) deceptive trade practices under 6 Del. C. § 2532. D.I. 2-1 ¶¶ 52–67. Count III refers to a contract that neither AM Sailing nor DeVos signed: SGP USA's May 19, 2025 Renewal Agreement with the League that renews the terms of SGP USA's Participation Agreement with the League. D.I. 2-1 ¶¶ 59–63.

Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 9 U.S.C. § 203. D.I. 2 at 1. DeVos has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2) based on lack of personal jurisdiction. D.I. 14 at 1. SGP USA has moved to remand the case to the Court of Chancery pursuant to 28 U.S.C. § 1147(c) based on lack of subject-matter jurisdiction. D.I. 25 at 1. "In the meantime (or in the alternative)," D.I. 26 at 26, SGP USA has moved the Court for a temporary restraining order. D.I. 31. I expedited briefing

---

wording. D.I. 44-1. On February 13, a panel of CAS arbitrators issued an Order dismissing the Application. D.I. 44-5.

on the Motion to Remand. D.I. 37. Defendants subsequently moved to compel arbitration and stay the action pending completion of arbitration. D.I. 42.

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citation omitted). I will address subject-matter jurisdiction first. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999) ("[I]n most instances subject-matter jurisdiction will involve no arduous inquiry. In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first [before a personal jurisdiction issue].") (citation omitted).

Defendants have the burden to establish this Court's subject-matter jurisdiction over the action. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it."). "It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

As the briefing on the Motion to Remand has revealed, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because SGP USA, AM Sailing,

3

and DeVos are all citizens of Michigan. *See Hain Celestial Grp., Inc. v. Palmquist*, 2026 WL 501733, at *3 (U.S. Feb. 24, 2026) ("Generally, 28 U.S.C. § 1332(a) allows federal courts to exercise jurisdiction only when the parties are completely diverse, which means that no adverse party is from the same State.") (citation omitted); *see also* D.I. 48 at 3 n.1 ("In light of information presented in SGP USA's motion to remand concerning diversity jurisdiction, AM Sailing does not dispute that the Court does not have jurisdiction under 28 U.S.C. § 1332.").

As for federal question jurisdiction, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants argue that the Court has federal question jurisdiction under 9 U.S.C. § 203 and 9 U.S.C. § 205 of the Federal Arbitration Act (the FAA). D.I. 48 at 1–12; *see also* D.I. 2 ¶¶ 17–25. Section 203, titled "Jurisdiction; amount in controversy," provides in relevant part that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Section 205, titled "Removal of cases from State courts," provides in relevant part that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and

4

division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205.

Defendants specifically argue that the Court has federal question jurisdiction under § 203 because this action "involves a motion to compel arbitration under an agreement that 'fall[s] under' the Convention[.]" D.I. 48 at 1, 4–7; *see also* D.I. 2 ¶ 17. And Defendants argue in their Answering Brief to the Motion to Remand that § 205 confers "a form of federal question jurisdiction" on a federal court over a dispute that "relates to" an arbitration agreement "falling under the Convention." D.I. 48 at 7–12 (citing *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002); *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316 (11th Cir. 2018), *rev'd and remanded on other grounds sub nom. GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020)); *but see* D.I. 2 ¶¶ 19–25 (Defendants stating in their Notice of Removal that § 205 governs removal without arguing that it confers subject-matter jurisdiction).

Even if a defendant bringing a motion to compel arbitration as a defense could confer subject-matter jurisdiction on a federal court under § 203, and even if § 205 could confer limited subject-matter jurisdiction on a federal court over an action with a motion to compel arbitration, a motion to remand is evaluated based on the record at the time the removal was filed. *See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pennsylvania*, 605 F.2d 119, 123 (3d Cir. 1979) ("Generally

speaking, . . . the propriety of remand [must be] decided, on the basis of the record as it stands *at the time the petition for removal is filed*.") (emphasis in original) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).  Accordingly, because the Motion to Compel Arbitration (D.I. 42) was filed after the Notice of Removal (D.I. 2), Defendants have not met their burden to establish federal question jurisdiction at the time of removal.

NOW THEREFORE, at Wilmington on this Ninth Day of March in 2026, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (D.I. 25) is GRANTED; and

2. The Clerk of Court is directed to REMAND this action to the Court of Chancery of the State of Delaware.

_____
CHIEF JUDGE